JOHN ROBERT GRIFFIN AND LOIS DeMERSSEMAN GRIFFIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Griffin v. Commissioner
Docket No. 2601-94
United States Tax Court
T.C. Memo 1995-246; 1995 Tax Ct. Memo LEXIS 248; 69 T.C.M. (CCH) 2821; June 7, 1995, Filed *248 John Robert Griffin and Lois DeMersseman Griffin, pro se. For respondent: Stuart Spielman and Reginald R. Corlew. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case is before the Court under the provisions of section 7443A(b)(3) and Rules 180, 181, and 182, [1] on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike Irrelevant Allegations. The relevant facts may be summarized as follows. Petitioners are the sole shareholders of Griffin Gallery of Fine Photography, Inc. (the corporation), a Subchapter S corporation that operates a photography studio. [2] A Subchapter S corporation is an entity separate and distinct from its shareholders. Upon an election under section 1362, an S corporation is not subject to income tax imposed by Chapter A. Sec. 1363(a). The corporation generally is treated *249 as a conduit, and the income tax is imposed at the shareholder level. Sec. 1366. On November 12, 1993, respondent issued a notice of deficiency to petitioners, with the following adjustments to their Federal income tax returns reflecting the changes that had been made to the corporation's Forms 1120S: Adjustments 1989
1990
1991
Wages
$ 29,655.00 $ 30,055.00 $ 23,841.00 Passthrough income
(27,746.00)
(21,522.00)
(20,488.00)
Contributions
(220.00)
(600.00)
124.00 Total adjustments
1,689.00 7,933.00 3,477.00 Deficiency
557.27 2,617.81 973.44 Sec. 6662(a) penalty
111.45 523.56 194.69 Respondent increased the amount of wages received by petitioner Lois DeMersseman Griffin from the corporation, *250 and petitioners' income from the corporation under section 1366 was reduced correspondingly. For 1989 and 1990 respondent allowed petitioners to deduct charitable contributions that had been disallowed as deductions on the corporation's tax returns, but disallowed a charitable contribution in 1991 on petitioners' return. Respondent also disallowed certain trade or business deductions claimed by the corporation as amounts deducted for wages paid to petitioners' minor children, insurance, donations, and props. [3] The deficiencies in petitioners' income taxes resulted from respondent's disallowance of the trade or business expenses the corporation had claimed on its tax returns. Attached to the notice of deficiency is a copy of respondent's report showing the adjustments made to the corporation's tax returns and an explanation of those adjustments. [4]
*251 With regard to the corporation's liability, respondent determined that the corporation was liable for employment taxes and a penalty pursuant to section 6656(a) for failure to make a deposit of the employment taxes. These determinations flow from the determination of the amount of wages allocated to petitioner Lois DeMersseman Griffin. Petitioners timely filed their petition, inter alia, contesting the recharacterization of the "passthrough" income from the corporation as wages, the disallowance of the wages paid to the children, and the penalties pursuant to sections 6656(a) and 6662(a). Respondent subsequently filed the motion at issue, contending that the petition "raises the issue of Employment Taxes under subtitle C with respect to 1989, 1990, and 1991" over which the Court does not have jurisdiction. Respondent also moved that allegations in the petition be stricken to the extent they seek a redetermination of the deficiencies with respect to subtitle C. The Tax Court is a court of limited jurisdiction. Sec. 7442. Section 6214(a) provides, with certain exceptions not relevant here: the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency *252 * * *, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by * * * [respondent] at or before the hearing or a rehearing.
The term "deficiency," as relevant here, is "the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds * * * the amount shown as the tax by the taxpayer upon his return". Sec. 6211(a). Clearly we have jurisdiction under section 6214 to redetermine petitioners' income tax liability. See . The notice of deficiency and the adjustments to income contained therein relate solely to the liability of petitioners for taxes imposed on them by subtitle A. The issue concerning the recharacterization of income that petitioners wish to litigate, however, arises under section 3509 in subtitle C, and this Court has no jurisdiction to redetermine these taxes. ; see also (where the *253 Tax Court did not have jurisdiction over employment taxes and related penalties). Furthermore, these taxes and the penalty under section 6656 are imposed on the corporation not on petitioners. See secs. 1363 (exempting subchapter S corporations from income taxes), 3102, 3111. We do not have jurisdiction to redetermine the corporation's liability for employment taxes and penalties in the context of a shareholder's case. Petitioners argue that recharacterization of so-called "Sub S income" to wages is reflected in the notice of deficiency, and, therefore, we have jurisdiction to correct that determination by respondent. The characterization of petitioners' income as subchapter S income or wages, however, does not affect the deficiency. The amount of taxable income reportable by petitioners is the same in any event. The recharacterization issue is therefore irrelevant to our consideration of petitioners' deficiencies. We follow the principle of judicial administration that courts will not gratuitously decide complex issues that cannot affect the disposition of the case before them." ; see ; *254 cf. , remanding per curiam . Respondent's motion will be granted, and the allegations in the petition seeking a decision on employment taxes and related penalties will be stricken. [5]
An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The corporation is exempt from the so-called TEFRA procedures of sec. 6241 for the years involved here, as it meets the small S corporation exception provided by sec. 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., (Jan. 30, 1987).↩
3. Respondent determined that the props were capital expenditures, the costs of which should be capitalized. However, respondent allowed depreciation deductions for these items.↩
4. On January 25, 1993, petitioners and the corporation filed a letter of protest with respondent contesting some of the adjustments to the corporation's tax returns and conceding others. On February 8, 1993, petitioners and the corporation paid the taxes and interest associated with the conceded issues.↩
5. Petitioners suggest that , allows this Court to decide the issue. However, that case is distinguishable, as it involved the discretion of the Court to accept a concession by one party that is rejected by the other.↩